**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  **v.**                                                          **Case No. 14-CR-001**

**BENJAMIN HINES**
    **Defendant.**

---

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  **v.**                                                          **Case No. 13-CR-248**

**VERITA HINES-FLAGG**
    **Defendant.**

---

## **ORDER**

Defendant Benjamin Hines moves for re-assignment of his criminal case, No. 14-CR-1, from Judge Randa to me. Criminal Local Rule 13 permits the reassignment of a criminal case to another judge if it is found to be related to a lower numbered criminal case assigned to that judge and each of the following criteria is met:

> (1) all defendants in each of the cases are the same, or, if the defendants are not all the same, the cases are based upon the same set of facts, events or offenses;

> (2) both cases are pending in this District;

> (3) the handling of both cases by the same judge is likely to result in the overall saving of judicial resources; and

> (4) neither case has progressed to the point where reassigning a case would likely delay substantially the proceedings in either case, or the Court finds that the assignment of the cases to the same judge would promote consistency in

resolution of the cases or otherwise be in the interest of justice.

Crim. L.R. 13(a) (E.D. Wis.). The Rule further provides that the motion must be filed with, and will be decided by, the judge to whom the lowest numbered case of the claimed related set is assigned for trial or other final disposition. Crim. L.R. 13(b).

The criteria for reassignment are met here. Case No. 14-CR-1 appears to be based on the same set of facts as the matter previously assigned to me, No. 13-CR-248. The defendants in both cases (nephew and aunt) are charged with mail and wire fraud arising out of an alleged scheme to steal identities and use those identities to fraudulently obtain lines of credit, vehicles, and other merchandise under false pretenses. The defendants were arrested together, allegedly in possession of false identification cards. Neither case has progressed to the point where reassignment would result in delay; No. 14-CR-1 is still in the motions period, and No. 13-CR-248 has been designated complex with a scheduling conference set for February 7, 2014. Finally, reassignment would promote consistency and preserve judicial resources, as just one judge would be required to evaluate the evidence, resolve any pre-trial motions, and decide sentencing issues such as relevant conduct, role in the offense, loss amount, and restitution.

**THEREFORE, IT IS ORDERED** that defendant's motion for reassignment is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 4th day of February, 2014.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge